IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lucious Barton, III, | C/A No. 0:16-1983-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

    This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, Lucious Barton, III, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

    Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

PJG

Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).

PJG

**ADMINISTRATIVE PROCEEDINGS**

In October 2012, Barton applied for DIB,[3] alleging disability beginning April 22, 2012. Barton's application was denied initially and upon reconsideration, and he requested a hearing before an ALJ. A hearing was held on September 16, 2014, at which Barton appeared and testified, and was represented by Brett Owens, Esquire. The ALJ issued a decision on December 4, 2014 finding that Barton was not disabled. (Tr. 11-22.)

Barton was born in 1963 and was forty-eight years old on his alleged disability onset date. (Tr. 21.) He has a high school education and has past relevant work experience as a technician at a school bus shop. (Tr. 188.) Barton alleged disability due to a neck injury, pain, and tingling in his hands. (Tr. 187.)

In applying the five-step sequential process, the ALJ found that Barton had not engaged in substantial gainful activity since his alleged onset date of April 22, 2012. The ALJ also determined that Barton's degenerative disc disease and status post removal of anterior cervical plate at C4-C6 anterior cervical diskectomy and arthrodesis at C3-C4, anterior cervical plate fixation at C2-C4, and application of structural allograft was a severe impairment. However, the ALJ found that Barton did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Barton retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) in that he can lift and/or carry 20 pounds occasionally and 10 pounds frequently and sit, stand, and/or walk about 6 hours in an 8-hour workday. He has these further limitations: He can occasionally push and/or pull with the left upper extremity. He can frequently push and/or pull with the bilateral lower extremities. He cannot reach overhead bilaterally. He can

---

[3] Although Barton's brief argues that he is entitled to Supplemental Security Income, it appears that the application at issue in this matter sought only DIB.



frequently perform fine and gross manipulation. He should avoid concentrated exposure to heat, cold, and vibration. He should avoid exposure to heights and dangerous equipment.

(Tr. 15.) The ALJ found that Barton was unable to perform any past relevant work but that, considering Barton's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers that Barton could perform. Therefore, the ALJ found that Barton was not disabled from the alleged onset date of April 22, 2012 through the date of the decision.

The Appeals Council denied Barton's request for review on May 19, 2016, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

*PJG*

**ISSUES**

Barton raises the following issues for this judicial review:

I. Did the Administrative Law Judge err in determining that Plaintiff does not have a combination of impairments that meets or medically equals the severity of one of the listed impairments?

II. Did the Administrative Law Judge err in failing to consider Plaintiff's amended alleged onset date, which altered the review of Plaintiff's claim under the Medical Vocational Guidelines?

III. Did the Administrative Law Judge[] err in failing to grant sufficient weight to the opinions of Dr. Robert E. Brabham?

IV. Did the Administrative Law Judge err in determining that Plaintiff could perform a reduced range of light work, contrary to Plaintiff's medical record, severe symptoms, and exertional limits?

(Pl.'s Br., ECF No. 9.)

**DISCUSSION**[4]

**A.  The Listings**

At Step Three of the sequential analysis, the Commissioner must determine whether the claimant meets the criteria of one of the Listings and is therefore presumptively disabled. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis added). It is not enough that the impairments have the diagnosis of a listed impairment; the claimant must also meet the criteria found

---

[4] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017. However, these changes specifically state that they are applicable to claims filed on or after March 27, 2017. See, e.g., 20 C.F.R. §§ 404.1513, 404.1527; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (final rules effective Mar. 27, 2017); Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138 (Sept. 26, 2016) (final rules effective Jan. 17, 2017). Because the instant claim was filed prior to that date, all references in the instant Report and Recommendation are to the prior versions of the regulations in effect at the time Barton's application for benefits was filed, unless otherwise specified.



in the Listing of that impairment. 20 C.F.R. § 404.1525(d). The Commissioner compares the symptoms, signs, and laboratory findings of the impairment, as shown in the medical evidence, with the medical criteria for the listed impairment. 20 C.F.R. § 404.1508. The Commissioner can also determine that the claimant's impairments are medically equivalent to a Listing, which occurs when an impairment is at least equal in severity and duration to the criteria of a Listing. 20 C.F.R. § 404.1526(a).

Barton argues that the ALJ erred in failing to consider his impairments in combination. When a claimant has more than one impairment, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to be the basis of eligibility under the law. 20 C.F.R. § 404.1523. Further, in Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit explained:

> [A] failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award. It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effect[] of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them. . . . As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.

Id. at 49-50 (internal citations omitted). However, "the adequacy requirement of Walker is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments." Brown v. Astrue, C/A No. 0:10-cv-1584-RBH, 2012 WL 3716792, at *6 (D.S.C. Aug. 28, 2012) (citing Green v. Chater, 64 F.3d 657, 1995 WL 478032, at *3 (4th Cir. 1995)).

Barton generally argues that the ALJ erred in failing to consider his impairments in combination because the combined effect of his impairments renders him disabled. Barton argues that "[t]he medical record proves that Plaintiff suffers from a limited range of motion, guarded gait, numbness and tingling in the arms and hands, tenderness, pain throughout the body, has an inability to sit, stand, or walk on a prolonged basis, muscle weakness, and a limited ability to grip and/or grasp." (Pl.'s Br. at 4, ECF No. 9 at 4.) Barton asserts that the ALJ improperly discounted these symptoms based on Barton's testimony regarding some limited daily activities. Further, Barton argues that his physical and mental impairments combined "cause him considerable loss of interest or pleasure, social withdrawal, decreased energy, tiredness, fatigue, and further impairments in social and occupational functioning, unquestionably render him disabled." (Id.)

Contrary to Barton's arguments, the court finds that during the course of the ALJ's opinion, the ALJ sufficiently discussed Barton's alleged impairments and limitations to demonstrate that he considered Barton's impairments in combination. Moreover, the opinion as a whole demonstrates that in analyzing Barton's residual functional capacity, the ALJ also discussed Barton's medical records at length, including physical and mental findings and diagnostic images and testing results, as well as his testimony, and addressed conflicts in the records. (Tr. 16-20.) The ALJ also stated that Barton "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments . . . ." (Tr. 15.) Later in the decision, the ALJ concluded that "[a]lthough [Barton] has some limitations upon his ability to work, the evidence fails to substantiate that his impairments, either singly or in combination, are of the severity as to preclude the performance of all work-related activities[,]" and that "[u]pon review of the total evidence of record, and in consideration of the combined effect of [Barton's] impairments, including all severe impairments, nonsevere impairments, and subjective complaints, I find [Barton] has retained the

PJG

residual functional capacity as set forth [above]." (Tr. 20.) Moreover, the court finds that Barton's arguments essentially ask the court to again analyze the facts and reweigh the evidence presented, contrary to the substantial evidence standard of review that this court is bound to apply at this stage in the proceedings. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]").

For these reasons, the court finds the ALJ's analysis sufficiently demonstrates that he considered the combined effect of Barton's combined impairments. See Brown, 2012 WL 3716792, at *6 (finding that Fourth Circuit precedent issued after Walker suggested that Walker was not meant to be used as a trap for the Commissioner).

**B.     Onset Date**

Barton next argues that the ALJ erred in failing to consider Barton's alleged request to amend his onset date to the date that he reached the age category of "closely approaching advanced age." In support of this argument, Barton points to his pre-hearing brief, which included the following statement: "Now that claimant is 'closely approaching advanced age', he would qualify for disability if limited to sedentary work." (Tr. 224.) Barton argues that according to Program Operations Manual System ("POMS") § DI 25501.230 he can amend his onset date anytime up to the date of the Commissioner's decision. Therefore, if Barton were limited to sedentary work, then a finding of disability would be warranted under the medical-vocational guidelines, located at 20 C.F.R. Part 404, Subpart P, appendix 2 (the "Grids"), once Barton reached the age category of "closely approaching advanced age."

Barton's arguments are perplexing for several reasons. First, contrary to his argument, the record does not clearly reflect he sought to amend his alleged onset date; rather, the record reflects



the attorney's efforts to simply bring to the ALJ's attention that Barton had changed age categories during the relevant period. (See Tr. 224; Tr. 31 (ALJ's statement during the hearing with agreement by counsel that the alleged onset date was April 22, 2012); Tr. 50 (indicating that Barton would be willing to amend his onset date if needed)). Moreover, the ALJ's decision reflects that he considered whether Barton was disabled during the relevant time period, which was from the alleged onset date until the date of the ALJ's decision. The ALJ noted that Barton was forty-eight years old (a younger individual) at the time of his alleged onset date (Tr. 21), and that he was a "51-year-old individual" at the time of the ALJ's decision. (Tr. 16.) Notwithstanding any of the above, even if the onset date had been amended by the ALJ, it still stands that the ALJ did not limit Barton to sedentary work; rather, he found Barton was limited to light work, and the Grids direct a finding of not disabled under this exertional level with Barton's limitations.[5] Thus, remand is not warranted on this issue.

**C.     Opinion Evidence**

Barton next argues that the ALJ erred in discounting the opinion evidence from Dr. Robert E. Brabham, a consultative examiner. The law applicable to Barton's application provides that regardless of the source, the Commissioner will evaluate every medical opinion received. 20 C.F.R. § 404.1527(c). Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of

---

[5] For the reasons that follow in the subsequent sections, Barton has failed to demonstrate that the ALJ erred finding Barton was limited light work with additional limitations.

Page 9 of 13



the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). Any other factors that may support or contradict the opinion should also be considered. 20 C.F.R. § 404.1527(c)(6). Further, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id. (quoting Craig, 76 F.3d at 590).

Moreover, ALJs are instructed to apply the above factors—including the length and nature of the source's treatment relationship with the claimant, the supportability of the opinion, the opinion's consistency with the other evidence in the record, whether the source is a specialist, and any other factors that may support or contradict the opinion—to all medical opinions, including those from consultative or one-time examiners. 20 C.F.R. § 404.1527(c). Importantly, more weight is generally given to the opinions of an examining source than a non-examining one. Id. Additionally, more weight is generally given to opinions of treating sources than non-treating sources, such as consultative examiners. Id.

In this case, the ALJ discussed Barton's testimony and the medical evidence presented, including all of the opinion evidence. With regard to Dr. Brabham, the ALJ acknowledged his opinion as follows:

> At a consultative evaluation on February 2, 2014, the claimant did not use any assistive device for stability or balance. The claimant stated he could take care of personal grooming and toileting without assistance, do light chores, and shop alone. Dr. Robert Bra[b]ham determined the claimant's pain would result in unexpected absences and/or an inability to work 5 days per week; that his pain would be distracting and cause abandonment to adequately perform daily activities or work, and would also prevent his ability to sit and/or stand for an 8-hour day (Exhibit 18F, 19F).

(Tr. 18.) Further, the ALJ weighed the opinion evidence, including Dr. Brabham's opinion, as follows:

*PJG*

> In arriving at the above-stated residual functional capacity, I considered the opinions of the State agency consultants. As the medical opinions of expert physicians and psychologists, they cannot be ignored. Social Security Ruling 96-5p. However, as those of nonexamining medical sources, their opinions are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, degree of specialization, and clarity of explanations for their opinions, which can be given weight only in so far as they are supported by the whole record, including new evidence received after their opinions were rendered. Social Security Ruling 96-6p. I give great weight to their findings; however, new evidence was submitted which was not available for review by the State agency consultants. That evidence reveals material facts regarding the claimant's medical condition. Since that evidence was not available for review by the State agency physicians in their consideration of the record, their opinions are not based on the whole record. I considered the opinion of Dr. Brabham; however, I find that his opinion regarding the claimant's functional capability is vastly out of proportion to the clinical and laboratory findings and the claimant's own reported daily activities. Therefore, I give little weight to his opinion. I give great weight to the opinion of treating physician, Dr. Peelle and the functional capacity findings that the claimant could perform light to medium work, as those conclusions are well supported by the objective medical evidence.

(Tr. 20.) Barton challenges the ALJ's statement that Dr. Brabham's opinion is "vastly out of proportion to the clinical and laboratory findings," pointing out that Dr. Brabham stated that he reviewed all the relevant medical records in forming his opinion and he examined Barton. Based on Dr. Brabham's statement, Barton argues that the ALJ's statement is clearly erroneous.

Upon thorough review of the ALJ's decision (which includes an extensive discussion of the medical record) and the record, the court concludes that the ALJ applied the relevant factors in evaluating the opinion evidence, and finds that Barton has failed to demonstrate that the ALJ's evaluation of these opinions is unsupported by substantial evidence or based on an incorrect application of the law. See 20 C.F.R. § 404.1527(c); Mastro, 270 F.3d at 178 (stating that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight") (internal quotation marks and citation omitted); Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication

*PJG*

that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion[.]") (internal citations omitted). The decision reflects that the ALJ carefully summarized and evaluated all the evidence and weighed Dr. Brabham's opinion and reasonably found that the medical findings and observations in the record did not support it. The court further finds that Barton has failed to demonstrate that the ALJ's conclusions regarding Dr. Brabham's opinion are unsupported by substantial evidence. In fact, it is clear that the ALJ, as part of his duties in weighing the evidence, properly relied on medical records, treatment notes, examination findings, and evidence in evaluating the opinion. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

Thus, the court finds that Barton has not shown that the ALJ's decision with regard to Dr. Brabham's opinion was unsupported by substantial evidence or reached through application of an incorrect legal standard.

**D.      Residual Functional Capacity**

Finally, Barton argues that based on the foregoing arguments and evidence, it is clear that the ALJ erred in finding Barton retained the residual functional capacity[6] to perform a reduced range of light work. In making this argument, Barton appears to rely primarily on Dr. Brabham's opinion,

---

[6] A claimant's residual functional capacity is "the most [a claimant] can still do despite [her] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. § 404.1545(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's residual functional capacity.

Page 12 of 13

PJG

which, for the reasons just discussed, does not support a remand.  For all the reasons discussed above, the court finds that Barton has failed to demonstrate that the ALJ erred in evaluating the evidence; thus, this argument similarly fails.

## ORDER

For the foregoing reasons, the court finds that Barton has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. Therefore, it is hereby

**ORDERED** that the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 3, 2017
Columbia, South Carolina